UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAUL ANDREW TORFASON,<br><br>Plaintiff,<br><br>v.<br><br>W. LANDRUM,<br><br>Defendant. | Case No. 15-cv-04728-DMR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; AND ORDER OF PARTIAL DISMISSAL AND SERVICE** |

## I. INTRODUCTION

Plaintiff, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, stemming from an alleged constitutional violation stemming from his previous incarceration at the Correctional Training Facility ("CTF"). Dkt. 1. He alleges that Defendants CTF Correctional Sergeant W. Landrum and CTF Warden M. E. Spearman were deliberately indifferent to his medical needs. *Id.* at 3. Plaintiff seeks monetary damages. *Id.*

This matter has been assigned to the undersigned Magistrate Judge. Plaintiff has consented to magistrate judge jurisdiction. *Id.* at 4.

Plaintiff has also filed a request for appointment of counsel. Dkt. 6.

Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because the events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Motion for Appointment of Counsel

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 25 (1981). The court may seek counsel to represent an indigent litigant under 28 U.S.C. § 1915

only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

The court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel is DENIED without prejudice.[1]  Dkt. 6.

### B. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v.*

---

[1] This does not mean, however, that the court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Defendants have filed their dispositive motion such that the court will be in a better position to consider the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

*Atkins*, 487 U.S. 42, 48 (1988).

### C. Deliberate Indifference to Serious Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges that on August 7, 2014, he suffered from psychological problems that required consultation with a "psych doctor." Dkt. 1 at 3. Plaintiff claims that he made requests to Defendant Landrum "to see the psych doctor at least a dozen times," but to no avail. *Id.* Instead, Defendant Landrum refused Plaintiff's requests and "put [Plaintiff] in a single man cell." *Id.* Plaintiff claims that a nurse "came to see [him] and she put in an emergency referral for [him] to see a doctor." *Id.* Plaintiff states that "upon learning this, [Defendant] Landrum personally escorted [him] back to [his] housing unit and into [his] cell by [himself]." *Id.* Plaintiff claims he "cut [his] left wrist with-in 10 minutes of [Defendant] Landrum locking [him] in [his] cell." *Id.* Plaintiff seeks monetary relief for his "pain and suffering." *Id.*

Liberally construed, the complaint states a cognizable Eighth Amendment claim against Defendant Landrum for deliberate indifference to Plaintiff's serious medical needs.

### D. Supervisory Liability Claim

Plaintiff sues Defendant Spearman in his supervisory capacity. Plaintiff does not allege facts demonstrating that Defendant Spearman violated his federal rights, but seems to claim

Defendant Spearman is liable based on the conduct of his subordinate, Defendant Landrum. There is, however, no respondeat superior liability under section 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Plaintiff's claim against Defendant Spearman is therefore DISMISSED without prejudice.

## III.  CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's request for appointment of counsel is DENIED without prejudice. Dkt. 6.

2. Plaintiff complaint states a cognizable claim of deliberate indifference to his medical needs against Defendant Landrum.

3. Plaintiff's supervisory liability claim against Defendant Spearman is DISMISSED without prejudice.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to **Sergeant W. Landrum** at CTF.

The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the court, on

4

1 behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to
2 bear the cost of such service unless good cause be shown for Defendant's failure to sign and return
3 the waiver form. If service is waived, this action will proceed as if Defendant had been served on
4 the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be
5 required to serve and file an answer before **sixty (60) days** from the date on which the request for
6 waiver was sent. (This allows a longer time to respond than would be required if formal service of
7 summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver
8 form that more completely describes the duties of the parties with regard to waiver of service of
9 the summons. If service is waived after the date provided in the Notice but before Defendant has
10 been personally served, the Answer shall be due **sixty (60) days** from the date on which the
11 request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever
12 is later. **Defendant shall also respond to the Notice of Assignment of Prisoner Case to a**
13 **United States Magistrate Judge for Trial by filing a consent/declination form on the date the**
14 **Answer is due.**

15    6.    Defendant shall answer the complaint in accordance with the Federal Rules of Civil
16 Procedure. The following briefing schedule shall govern dispositive motions in this action:
17        a.    No later than **sixty (60) days** from the date the answer is due, Defendant
18 shall file a motion for summary judgment or other dispositive motion. The motion must be
19 supported by adequate factual documentation, must conform in all respects to Federal Rule of
20 Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
21 the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice
22 so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to
23 oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
24 in Rand must be served concurrently with motion for summary judgment). A motion to dismiss
25 for failure to exhaust available administrative remedies must be accompanied by a similar notice.
26 However, the court notes that under the new law of the circuit, in the rare event that a failure to

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

  b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

  c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and

documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

  Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

  (The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d. Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 4/7/2016

_____
DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAUL ANDREW TORFASON,<br><br>        Plaintiff,<br><br>    v.<br><br>W. LANDRUM, et al.,<br><br>        Defendants. | Case No. 4:15-cv-04728-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 7, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Paul Andrew Torfason ID: T58904  
B-6-220 LOW  
Mule Creek State Prison  
P.O. Box 409090  
Ione, CA 95640

Dated: April 7, 2016

Susan Y. Soong  
Clerk, United States District Court

By:_____  
Ivy Lerma Garcia, Deputy Clerk to the  
Honorable DONNA M. RYU